Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br><br>Vs.<br><br><br>JONATHAN PÉREZ PARRIS<br><br><br>Peticionario | TA2026CE00679 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm. KIS2025G0006-0012 KIS2025G0013-0017 KLE2025G0211<br><br>Sala: 1107<br><br>Sobre: ART. 130-A CP (7CS), ART. 133-A CP (5CS) Y ART. 53B LEY 57 |

Panel integrado por su presidenta, la Jueza Romero García, el Juez Cruz Hiraldo y el Juez Sánchez Báez[1]

Cruz Hiraldo, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 16 de junio de 2026.

Comparece ante nos el Lcdo. José M. Casanova Edelmann (en adelante, Lcdo. Casanova), abogado de oficio del señor Jonathan Pérez Parris, y nos solicita que revisemos la *Resolución para el pago de honorarios y/o rembolso de gastos razonables por servicios legales prestados en el panel de abogados y abogadas voluntarios* correspondiente al mes de diciembre del 2025, emitida el 1 de mayo de 2026 y notificada el 4 de mayo de 2026. Mediante esta, el Tribunal de Primera Instancia, Sala Superior de San Juan (en adelante, foro primario), ordenó el pago de $0.00 por concepto de honorarios y $0.00 por los gastos razonables incurridos por el abogado de oficio.

---

[1] Mediante la OATA-2026-063 emitida el 2 de junio de 2026, se designa a la Hon. Giselle Romero García en sustitución de la Hon. Ivelisse M. Domínguez Irizarry.

Por los fundamentos que expondremos a continuación, expedimos el auto de *Certiorari* y confirmamos la resolución recurrida.

**I.**

Según surge del expediente, el Lcdo. Casanova fue asignado como Abogado de Oficio a favor del señor Pérez Parris en los casos número KIS2025G0006-0012, KIS2025G0013-0017 y KLE2025G0211 desde el 8 de diciembre de 2025 hasta la culminación del caso.

El 5 de marzo de 2026, el Lcdo. Casanova presentó una *Solicitud de certificación de horas, pago de honorarios y/o rembolso de gastos razonables por servicios legales prestados en el panel de abogados y abogadas voluntarios(as)* (en adelante, *Solicitud de honorarios*) correspondiente al mes de diciembre del año fiscal 2025-2026. En esta, certificó que trabajó 15.15 horas de oficio y anejó una factura detallando los servicios legales prestados.

Luego de evaluar su solicitud, la Jueza Administradora Regional emitió *Resolución* y determinó que no procedía aprobar las horas trabajadas. Indicó que las ajustó a 0.00 horas de oficio porque la solicitud se presentó fuera del término dispuesto en la Regla 14 del *Reglamento para la asignación de abogados y abogadas de oficio*. El Lcdo. Casanova presentó *Reconsideración* el 15 de mayo de 2026, la cual fue declarada *No Ha Lugar* el 19 de mayo de 2026.

Inconforme, el 27 de mayo de 2026, el Lcdo. Casanova presentó el recurso de epígrafe y señaló el siguiente error:

> ERRÓ EL HONORABLE TRIBUNAL DE INSTANCIA AL DICTAR LA RESOLUCIÓN EN EL PRESENTE CASO CONCEDIENDO LA FACTURA DEL ABOGADO SUSCRIBIENTE DE HONORARIOS DE ABOGADO Y GASTOS POR LA CANTIDAD DE $0.00.[2]

---

[2] SUMAC del Tribunal de Apelaciones, Entrada Núm. 1.

**II**.

**A.**

La *Ley de la Judicatura de Puerto Rico de 2003*, Ley Núm. 201-2003, según enmendada, dispone en su Art. 4.006 (b) que nuestra competencia como Tribunal de Apelaciones se extiende a revisar discrecionalmente órdenes y resoluciones emitidas por el Tribunal de Primera Instancia. 4 LPRA sec. 24y (b).

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Allio v. Santiago Chardón*, 2026 TSPR 13, 217 DPR ___ (2026); *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG*, 205 DPR 163, 174-175 (2020). La determinación de expedir o denegar un recurso de certiorari está enmarcada dentro de la discreción judicial. *Íd.* Esta discreción ha sido definida en nuestro ordenamiento jurídico como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. No significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso constituiría un abuso de discreción. *Negrón v. Srio. de Justicia*, 154 DPR 79, 91 (2001).

Ahora bien, esa discreción no es irrestricta. La Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 49, 215 DPR ___ (2025), fija unos criterios para que el tribunal revisor intermedio ejerza prudentemente su discreción al decidir si atiende en los méritos el recurso. *Pueblo v. Rivera Montalvo*, 205 DPR 352, 356 (2020).

Por consiguiente, para determinar si procede la expedición de un recurso de certiorari en el que se recurre de una resolución

interlocutoria, debemos acudir a lo dispuesto en la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, que dispone lo siguiente:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
>> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>>
>> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>>
>> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>>
>> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>>
>> (E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.
>>
>> (F) Si la expedición del auto o de la orden de mostrar causa no    causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>>
>> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.
>
> *In re Aprob. Enmdas. Reglamento TA*, supra, pág. 63; *Allio v. Santiago Chardón*, supra; *BPPR v. SLG Gómez-López*, 213 DPR 314, 337 (2023).

Sin embargo, ninguno de los mencionados criterios es determinante por sí solo para este ejercicio y no constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 335 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". (Énfasis omitido). *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97.

En lo pertinente a este caso, el *certiorari* también es el recurso apropiado para solicitar la revisión de determinaciones postsentencia. *IG Builders et al. v. BBVAPR*, 185 DPR 307, 339 (2012). A esos efectos, el Tribunal Supremo enunció que:

Las resoluciones atinentes a asuntos postsentencia no se encuentran comprendidas entre aquellas determinaciones de naturaleza interlocutoria categóricamente sujetas a escrutinio mediante el recurso de certiorari. De otra parte, por emitirse este tipo de decisión luego de dictada la sentencia, usualmente tampoco cualifica para el recurso de apelación provisto para dictámenes judiciales finales. Se corre el riesgo, por lo tanto, de que fallos erróneos nunca se vean sujetos a examen judicial simplemente porque ocurren en una etapa tardía en el proceso, tal como lo es la ejecución de sentencia. *Íd.*

**B**.

El 12 de octubre de 2018, el Tribunal Supremo de Puerto Rico aprobó el *Reglamento para la Asignación de Abogados y Abogadas de Oficio de Puerto Rico*, 4 LPRA Ap. XXXVIII *et seq.*, según enmendado. Este regula el sistema para la administración uniforme de las asignaciones de oficio en los procedimientos de naturaleza civil y penal aplicables, *Íd.,* R.2. Su propósito es fomentar el trabajo *pro bono* y hacer viable el cumplimiento de todo abogado y de toda abogada con su responsabilidad ética de ofrecer servicios legales libre de costo a personas indigentes. *Íd.*

Como parte de su normativa, la Regla 14 establece el procedimiento para que los abogados de oficio soliciten el pago de honorarios. La misma dispone que:

**Regla 14. Procedimiento para solicitar honorarios**

La solicitud para el pago de honorarios de oficio deberá presentarse ante el Juez Administrador o la Jueza Administradora o ante el Tribunal Supremo, según aplique, **no más tarde de 20 días del mes siguiente al que se prestó el servicio.** No obstante, se rechazará de plano cualquier solicitud para el pago de honorarios de oficio presentada luego de transcurridos 30 días desde que concluya el año fiscal en que se prestó el servicio. (Énfasis nuestro). *Íd.,* R.14.

**III.**

En el presente caso, el Lcdo. Casanova nos solicita que revoquemos la determinación del Tribunal de Primera Instancia y ordenemos la concesión de los honorarios solicitados en el caso de epígrafe correspondientes al mes de diciembre 2025.

Según la Regla 14 del *Reglamento para la Asignación de Abogados y Abogadas de Oficio de Puerto Rico,* la fecha límite para someter la solicitud es veinte días después del mes siguiente al que se prestó el servicio. A tenor con lo anterior, la fecha límite para someter la *Solicitud de honorarios* era el 20 de enero de 2026. No obstante, el Lcdo. Casanova la sometió el 5 de marzo de 2026, es decir, cuarenta y cuatro (44) días tarde. Por consiguiente, es forzoso concluir que no procede la expedición de los honorarios solicitados y el foro primario actuó conforme a derecho.

**IV.**

Por los fundamentos que anteceden, los que hacemos formar parte de este dictamen, se expide el auto de *Certiorari* y se confirma la determinación del foro primario.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones